UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KATHY PEREZ-WHITE, MARTHA SANTOS,          Case No. 15-cv-4858 (PGG)
and BARBARA RODRIGUEZ, individually and
on behalf of others,                       DECLARATION OF JAMIE S.
                                           FELSEN, ESQ.

                            **Plaintiffs,**

       -against-

ADVANCED DERMATOLOGY OF NEW YORK P.C.,
LAWRENCE JAEGER, and NICOLE MAULELLA,

                            **Defendants.**
------------------------------------------------------------------x

      Jamie S. Felsen, Esq, in lieu of an affidavit, as permitted by 28 U.S.C. § 1746 and Local Civil Rule 1.9 of the United States District Court for the Southern District of New York, declares as follows:

      1.    I am a partner with Milman Labuda Law Group PLLC, counsel to Defendants, Advanced Dermatology of New York P.C., Lawrence Jaeger, and Nicole Maulella.

      2.    This declaration is respectfully submitted in support of Defendants' Motion to Dismiss the Amended Complaint.

      3.    Plaintiffs commenced this action by filing a Complaint on June 23, 2015.  **(A copy of the Complaint is annexed hereto as Exhibit "A").**

      4.    On September 2, 2015, I sent via e-mail and first class mail an Offer of Judgment to Plaintiffs' counsel, Michael Taubenfeld, for (1) Plaintiff Kathy Perez-White in the amount of $16,780.39 for her first, second, fourth and fifth claims for relief in the Complaint as well as costs and reasonable attorneys' fees incurred by her to the date of the offer; (2) Plaintiff Barbara Rodriguez in the amount of $6,404.95 for her first, second, fourth and fifth claims for relief in the Complaint as well as pre-judgment interest (interest only for the second and fifth causes of

action), costs and reasonable attorneys' fees incurred by her to the date of the offer; and (3) Plaintiff Martha Santos in the amount of $1,632.53 for her first, second, fourth and fifth claims for relief in the Complaint as well as costs and reasonable attorneys' fees incurred by her to the date of the offer.[1]  **(A copy of the Offer of Judgment is annexed hereto as Exhibit "B").**

5.	When I served the Rule 68 Offer of Judgment on Plaintiffs, I provided Mr. Taubenfeld with payroll and time records for Plaintiffs along with a spreadsheet explaining the basis for the Rule 68 Offer of Judgment.

6.	On September 3, 2015, Plaintiffs filed an Amended Complaint to add Martha Santos as a Plaintiff and to add claims of retaliation under the Fair Labor Standards Act and New York Labor Law on behalf of Kathy Perez-White and Martha Santos.  **(A copy of the Amended Complaint is annexed hereto as Exhibit "C").**  The Amended Complaint does not change any facts related to the claims for which the Offer of Judgment was made.

7.	On September 16, 2015, Plaintiffs rejected the Offer of Judgment, but provided no reason for their rejection.

8.	On October 8, 2015, following Defendants' request for a pre-motion conference to address their anticipated motion to dismiss, the parties appeared before the Court for a pre-motion conference.  At the October 8, 2015 Court conference, Plaintiffs informed the Court that the Offer of Judgment did not provide full relief for the first, second, fourth, and fifth claims for relief, but were unable to quantify the correct amount of full relief or provide any explanation as to any inaccuracies in Defendants' time and pay records that were produced to Plaintiffs with the Offer of Judgment.  At the October 8, 2015 conference, the Court directed the parties to attempt

---

[1] Martha Santos was not a Plaintiff at the time of the Offer of Judgment, but Mr. Taubenfeld informed me that he was in the process of being retained by her.

to agree on the amount of full relief on Plaintiffs' first, second, fourth, and fifth claims for relief, and granted Defendants request to file the instant motion.

9. Following the October 8, 2015 conference, on October 26, 2015, Mr. Taubenfeld, confirmed with me that the Rule 68 Offer did, in fact, offer Santos full relief for her first, second, fourth, and fifth claims.

10. Following the October 8, 2015 conference, on September 27, 2015, Mr. Taubenfeld informed me that Kathy Perez-White claimed that her underpayment is $241.06 more than what Defendants offered in the Rule 68 Offer to her (in addition to liquidated damages). Defendants agreed to resolve this miniscule difference in favor of Kathy Perez-White, and agreed to pay her $17,503.55 for her first, second, fourth, and fifth claims, which Mr. Taubenfeld informed me Kathy Perez-White agrees is full relief for said claims.

11. Following the October 8, 2015 conference, Barbara Rodriguez claimed that her wage rate was $1 per hour higher for a portion of her employment. Although Defendants dispute this allegation, Defendants agreed to resolve this difference in favor of Barbara Rodriguez, and have agreed to pay her $16,982.80 for her first, second, fourth, and fifth claims, which Mr. Taubenfeld informed me Barbara Rodriguez agrees is full relief for said claims.

12. Notwithstanding Plaintiffs concession that they were offered full relief for their first, second, fourth, and fifth claims, they have refused to accept payment, entry of judgment, and dismissal of these claims.

13. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2015

/s/ Jamie S. Felsen