# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY PEREZ-WHITE and BARBARA
RODRIGUEZ, individually and on behalf of
others similarly situated,

        Plaintiffs,

    -against-

ADVANCED DERMATOLOGY OF NEW
YORK P.C., LAWRENCE JAEGER, and
NICOLE MAULELLA

        Defendants.

Case No.:

**COMPLAINT**

**Collective Action and Class Action
Complaint**

Plaintiffs KATHY PEREZ-WHITE ("Perez-White") and BARBARA RODRIGUEZ ("Rodriguez") individually and on behalf of others similarly situated by and through their attorneys, SERRINS FISHER LLP, allege against Defendants ADVANCED DERMATOLOGY OF NEW YORK P.C. ("Advanced" or the "Corporate Defendant"), LAWRENCE JAEGER ("Jaeger"), and NICOLE MAULELLA ("Maulella")(collectively, the "Individual Defendants") as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Defendant Advanced is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 200 Central Park South, New York, NY 10019.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Defendant Advanced operates five offices in New York City located at:

    i.   200 Central Park South, New York;

    ii.  2100 Bartow Avenue, Bronx, NY

    iii. 291 East 149 St., Bronx, New York;

    iv.  1455 West Avenue, Bronx, New York; and

    v.   2432 Grand Concourse, Bronx, New York.

6.      Defendants bill hundreds of claims each week to the Medicare and Medicaid programs for dermatological and other services.

7.      At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8.      Plaintiffs and Defendants' other employees regularly handled and used medications and equipment that were moved in or produced for interstate commerce.

2

9.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

10.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

12.     At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

13.     Plaintiff Perez-White is an adult individual who has been employed by Defendants within the last six (6) years at Defendants' offices.

14.     Plaintiff Rodriguez is an adult individual who has been employed by Defendants within the last six (6) years to work as a manager.

### The Individual Defendants and Their Offices

15.     Upon information and belief, Defendant Jaeger resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

16.     Upon information and belief, Defendant Maulella resides in the State of New York and is a manager and/or employee of the Corporate Defendant.

17.     Defendant Jaeger is the sole owner of the Corporate Defendant and along with Defendant Mauella operates the Corporate Defendant.

18.     The Individual Defendants are natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, officers, employees, and/or agents of the Corporate Defendant.

19.     The Individual Defendants exercise operational control over the Corporate Defendant's operations.

20.     At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.  The Individual Defendants possessed and executed the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, determined the rate and method of any compensation in exchange for their services, and maintained records of their employment.

21.     The Individual Defendants created and enforced policy for the Corporate Defendant, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by at least one of the Individual Defendants.

22.     Defendant Jaeger, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

23.     The Individual Defendants are Plaintiffs' employers under the FLSA and New York State Labor Law ("NYLL") and are individually liable to Plaintiffs.

## NATURE OF THE ACTION

24.     Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 137 *et seq.*, based upon the following acts and/or omissions:

i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

ii. Defendants' failure to pay Plaintiffs for all hours worked; and

iii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195;

iv. Defendants' failure to provide Plaintiffs with uniform reimbursement payments as required by 12 N.Y.C.R.R. 142-2.5; and

v. Defendants' failure to provide Plaintiff Perez-White with payment for the last three days of her employment.

## FACT ALLEGATIONS

25.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

26.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

*Plaintiff Perez-White's Schedule and Pay*

27.    Defendants hired Plaintiff Perez-White as a Front Desk Receptionist at the Manhattan location on November 4, 2013.

28.    On and about January 3, 2014, Defendants transferred Plaintiff Perez-White to the Bartow Avenue location and promoted her to Site Manager, a position she held until her employment terminated on and about April 17, 2015.

29.     From the beginning of her employment until approximately May 2014, Defendants paid Plaintiff Perez-White $15 an hour.

30.     Defendants increased Plaintiff Perez-White's hourly rate in May 2014 to $16.

31.     In November 2014, Defendants increased Plaintiff Perez-White's hourly rate to $17.50.

32.     As both a receptionist and manager, Plaintiff Perez-White regularly worked Monday through Friday and often worked on Saturday.

33.     Plaintiff Perez-White's schedule fluctuated, but she regularly worked more than 40 hours a week.

34.     While working as a receptionist, Plaintiff Perez-White regularly took a half-an-hour break each day, except on Saturday, when she did not take a break.

35.     Plaintiff Perez-White rarely took a break lasting longer than 20 minutes once Defendants promoted her to Site Manager.

36.     For example, in the week ending August 16, 2014, Plaintiff Perez-White worked 42.65 hours and in the week ending August 23, 2014, Plaintiff Perez-White worked 50.12 hours for a total of 92.77 hours.

37.     Defendants paid Plaintiff Perez-White $1,460.00 for her work those two weeks.

38.     Defendants failed to pay Plaintiff Perez-White for each hour she worked.

39.     Since Plaintiff Perez-White's rate of pay was $16 an hour, Defendants should have paid her $1,484.32 for each hour she worked ($16*(92.77)).

40.     Instead Defendants paid her for only 91.25 of her hours.

6

41.     In addition, Defendants failed to pay Perez-White an overtime premium of time-and-a-half for each of her overtime hours and instead paid her regular rate for each of the hours they paid her.

### *Plaintiff Rodriguez's Schedule and Pay*

42.     Defendants hired Plaintiff Rodriguez in 2007 and after a short furlough in 2007 promoted her to work as a Front Desk Administrative Assistant in 2008 at the Manhattan location where she worked until her termination on and about July 7, 2014.

43.     In 2009, Defendants promoted Plaintiff Rodriguez to Desk Floor Manager.

44.     Plaintiff Rodriguez regularly worked Monday through Friday.

45.     From the beginning of her employment until approximately 2012, Plaintiff Rodriguez began her day at 7:30 a.m. by opening the Manhattan location.

46.     Plaintiff Rodriguez regularly closed the office three times a week usually at 8:00 p.m., except that she closed at 5:00 p.m. on Friday.

47.     On the other days, Plaintiff Rodriguez left the office at 6:45 p.m. or later.

48.     On and about 2010 or 2011, Plaintiff Rodriguez began opening at 8:30 a.m. only three times a week and 9:30 a.m. or 10:00 a.m. the rest of the week.

49.     Plaintiff Rodriguez continued to close approximately three times a week, including on Friday.

50.     Beginning on and about the end of 2012, Plaintiff Rodriguez's father became sick.

51.     Defendants converted Plaintiff Rodriguez to "part-time" (although she continued to work a full-time schedule) and directed her to open at 8:30 a.m. three times a month.

7

52.     On the other days, Plaintiff Rodriguez began work between 10:30 a.m. and 12:00 p.m.

53.     Plaintiff Rodriguez closed at 8:00 p.m. twice a week or more, and the rest of the week generally worked until 6:00 p.m. or 6:30 p.m.

54.     Prior to 2012, Plaintiff Rodriguez rarely took a lunch break of 20 minutes or more.

55.     Beginning in 2012, Plaintiff began regularly taking a 30 minute lunch break.

56.     During her employment as the Front Desk Administrative Assistant, Defendants paid Plaintiff Rodriguez an hourly rate of $15.

57.     When Defendants promoted Plaintiff to Desk Floor Manager, they increased her rate of pay to $16 per hour.

58.     Like Plaintiff Perez-White, Defendants regularly failed to pay Plaintiff Rodriguez for each of the hours she worked.

59.     In addition, Defendants also never paid Plaintiff Rodriguez an overtime premium of time-and-a-half for each of her overtime hours and instead paid her regular rate for each of the hours they paid her.

### Defendants' Violations of NYLL § 195

60.     Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

61.     Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

62.     Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of overtime hours they worked or their hourly rate for overtime hours.

### Defendants' Failure to Pay Plaintiffs for Their Uniform Purchases

63.     Defendants required Plaintiffs to wear scrubs when performing their work duties.

64.     Although Defendants initially compensated Plaintiffs for one pair of scrubs, they required them to purchase additional pairs throughout their employment.

65.     Defendants have failed to reimburse Plaintiffs for the expenses they incurred in purchasing the additional pairs of scrubs as required by 12 N.Y.C.R.R. 142-2.5.

### Defendants' Failure to Pay Plaintiff Perez-White Properly in Her Final Paycheck

66.     On and about April 17, 2015, Plaintiff Perez-White's employment terminated.

67.     Shortly after the termination of Plaintiff Perez-White's employment, Defendants provided her with her final paycheck.

68.     Defendants, however, did not pay Plaintiff Perez-White for the last three days of her employment.

### COLLECTIVE ACTION ALLEGATIONS

69.     Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

9

70.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

71.     The consent to sue forms for the Plaintiffs are attached hereto as **Exhibit 2**.

72.     Upon information and belief, there are at least 100 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

73.     At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.  The claims of Plaintiffs stated herein are similar to those of the other employees.

74.     In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

75.     Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

76.     Upon information and belief, this class of persons consists of not less than 150 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

77.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

78.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

79.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

80.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.Civ.P.23(b)(3).

81.     Plaintiffs bring the second through sixth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA as to all Plaintiffs)

82.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83.     Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

84.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

85.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL as to Plaintiffs)

86.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

87.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

88.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

89.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL Failure to Notify as to all Plaintiffs)**

90.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

91.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

92.     Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

93.     Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

94.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract as to all Plaintiffs)

95.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96.  Defendants entered into an oral contract with Plaintiffs and others similarly situated to perform work as described above.

97.  Plaintiffs and others similarly situated satisfactorily supplied labor in connection with, and in furtherance of, the work required under their oral employment contract with Defendants and in doing so, complied with the terms of their employment contract with Defendants and were therefore entitled to wages they rightfully earned while working for Defendants.

98.  Defendants agreed to pay Plaintiffs and others similarly situated an hourly wage for each hour they worked.

99.  Defendants failed to pay Plaintiffs and others similarly situated at that hourly rate for each of the hours they worked.

100.  That by virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their employment agreement with Defendants, less amounts actually paid to Plaintiffs and others similarly situated together, with an award of interest, costs, disbursements, and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
#### (NYLL Failure to Pay Straight Time as to all Plaintiffs)

101.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.   At all relevant times hereto, pursuant to NYLL § 190 *et. seq.* Defendants were obligated to pay Plaintiffs and others similarly situated an hourly rate for each hour they worked and not to divert or withhold any portion of their wages.

103.   Defendants failed to pay Plaintiffs and others similarly situated their hourly rate for each hour they worked.

104.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
#### (NYLL Uniform Violations as to Plaintiffs)

105.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.   Pursuant to 12 N.Y.C.R.R. 142-2.5, Defendants were obligated to reimburse Plaintiffs and others similarly situated for the expenses they incurred in purchasing uniforms.

107.   Defendants failed to reimburse Plaintiffs and others similarly situated for uniform purchases.

108.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (NYLL Failure to Timely Pay Wages as to Plaintiff Perez-White)

109.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.   Pursuant to §191(3) of the NYLL, Defendants were obligated to provide Plaintiff Perez-White with her wages for her last week of employment.

111.   Defendants failed to provide Plaintiff Perez-White with full payment in accordance with §191 of the NYLL.

112.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff Perez-White has sustained damages and seeks damages in accordance with §198 of the NYLL because Defendants failed to provide such payment, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages Pursuant to the FLSA and NYLL;

D. Costs and Reasonable Attorneys' Fees; and

E. Any relief the Court deems just and proper.

Dated: June 23, 2015
       New York, New York

Respectfully submitted,

Alan Serrins
Michael Taubenfeld
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:     ADVANCED DERMATOLOGY OF NEW YORK P.C.

PLEASE TAKE NOTICE that KATHY PEREZ-WHITE and BARBARA RODRIGUEZ, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       June 23, 2015

SERRINS FISHER LLP

_____/s/_____

Michael Taubenfeld (MT-4640)
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFFS*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:   LAWRENCE JAEGER

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that KATHY PEREZ-WHITE and BARBARA RODRIGUEZ, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of ADVANCED DERMATOLOGY OF NEW YORK P.C., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       June 23, 2015

                              SERRINS FISHER LLP

                              /s/
                              Michael Taubenfeld (MT-4640)
                              233 Broadway, Suite 2340
                              New York, New York 10279
                              Phone: (212) 571-0700
                              Facsimile: (212) 233-3801
                              *ATTORNEYS FOR PLAINTIFFS*

EXHIBIT 2

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who is employed by Advanced Dermatology of New York PC and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.


*Kathy Perez-White*
NAME

*Kathy R White*
SIGNATURE

4/20/15
DATE

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who is employed by Advanced Dermatology of New York PC and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Barbara Rodriguez
NAME

SIGNATURE

05/27/2015
DATE