# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen - Partner**
**E-Mail Address: jamie@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

**Via ECF**

February 5, 2016

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

**Re:** **Perez-White et al. v. Advanced Dermatology of New York, P.C., et al.**
**SDNY Case No.: 15-4858**

Dear Judge Gardephe:

This firm represents the Defendants.

On January 27, 2016, as we informed the Court, we sent checks to Plaintiffs' counsel, Michael Taubenfeld, via Federal Express, payable to the Plaintiffs that constitute the unconditional tender of full relief for Plaintiffs' first, second, fourth, and fifth causes of action in the Amended Complaint.

Last evening, Mr. Taubenfeld informed me that he received the checks, but they have been rejected and will not be cashed.

Because Defendants have tendered full relief to Plaintiffs, Defendants respectfully request that the Court dismiss these claims with prejudice for lack of jurisdiction as the claims are now moot.[1] See California v. San Pablo & Tulare R. Co., 149 U. S. 308, 13 S. Ct. 876, 37 L. Ed. 747 (1893); Little v. Bowers, 134 U. S. 547, 10 S. Ct. 620, 33 L. Ed. 1016 (1890); San Mateo County v. Southern Pacific R. Co., 116 U. S. 138, 6 S. Ct. 317, 29 L. Ed. 589 (1885); Alvarez v. Smith, 558 U.S. 87 (2009); Already, LLC v. Nike, Inc., 568 U.S. __, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013); Media Space, Inc. v. Comm'r, 477 Fed. Appx. 857 (2d Cir. 2012)**;** NLRB v. Local Union NO. 25, IBEW, 586 F.2d 959 (2d Cir. 1978); Finkel v. Alltek Sec. Sys.

---

[1] To the extent that a judgment must first be entered by the Court in order to dismiss these claims, Defendants alternatively request that the Court enter judgment in favor of Plaintiffs in these amounts and dismiss these claims with prejudice.

Hon. Paul G. Gardephe
United States District Court Southern District of New York
February 5, 2016
P a g e | **2**

Group, Inc., 2011 U.S. Dist. LEXIS 111902 (E.D.N.Y. Sept. 29, 2011)**;** Fluellen v. SSA, 2010 U.S. Dist. LEXIS 40689 (S.D.N.Y. Apr. 26, 2010); Allied Leather Corp. v. Interco, Inc., 1993 U.S. Dist. LEXIS 6128 (S.D.N.Y. May 10, 1993).

Respectfully submitted,

/s/ Jamie S. Felsen

cc:      Michael Taubenfeld, Esq. (via ECF)