UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KATHY PEREZ-WHITE, MARTHA SANTOS,       Case No. 15-cv-4858 (PGG)
and BARBARA RODRIGUEZ, individually and
on behalf of others,

                      Plaintiffs,

    -against-

ADVANCED DERMATOLOGY OF NEW YORK P.C.,
LAWRENCE JAEGER, and NICOLE MAULELLA,

                      Defendants.
------------------------------------------------------------------x

**DEFENDANTS' SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST, SECOND, FOURTH, AND FIFTH CLAIMS IN THE AMENDED COMPLAINT FOR LACK OF JURISDICTION UNDER FED. R. CIV. PROC. 12(B)(1), OR, IN THE ALTERNATIVE, ENTRY OF <u>JUDGMENT AGAINST DEFENDANTS AND DISMISSAL</u>**

**MILMAN LABUDA LAW GROUP PLLC**

Robert F. Milman, Esq.
Jamie S. Felsen, Esq.
Attorney for Defendants
3000 Marcus Ave., Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**PRELIMINARY STATEMENT**

Checks for full relief have been tendered by Defendants to Plaintiffs for their first, second, fourth and fifth claims rendering these claims moot and warranting dismissal. Plaintiffs' refusal to cash the checks for full relief does not alter the conclusion that these claims are moot.

**POINT I**

**DISMISSAL OF PLAINTIFFS' FIRST, SECOND, FOURTH, AND FIFTH CLAIMS IS WARRANTED AS THE CLAIMS ARE MOOT**

The Supreme Court in Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016) merely held that, because the defendant's offer of judgment was rejected thus leaving the plaintiff emptyhanded, the claims were not moot. The Court in Campbell-Ewald did not hold that a district court is precluded from compelling a plaintiff to accept an offer of judgment, which is a component of the relief that Defendants have requested in this case. Accordingly, this Court is permitted to direct Plaintiffs to accept the offers of judgment based on the authority articulated in Defendants' prior motion papers.

In any event, the circumstances in this case now warrant a determination that Plaintiffs' first, second, fourth and fifth claims are moot and should be dismissed. Indeed, on January 27, 2016, Defendants tendered payment to Plaintiffs for full relief for the first, second, fourth, and fifth claims[1] warranting dismissal of these claims for lack of jurisdiction under Fed. R. Civ. Proc. 12(b)(1) as these claims are moot.[2] To the extent that these claims are somehow not moot,

---

[1] On February 16, 2016, Defendants increased their tender of payment to Rodriguez by $818.71 to account for the additional amount of interest that Plaintiffs argue she is owed. (See February 17, 2016 Declaration of Jamie S. Felsen, Exhibit C).

[2] See California v. San Pablo & Tulare R. Co., 149 U. S. 308, 13 S. Ct. 876, 37 L. Ed. 747 (1893); Little v. Bowers, 134 U. S. 547, 10 S. Ct. 620, 33 L. Ed. 1016 (1890); San Mateo County v. Southern Pacific R. Co., 116 U. S. 138, 6 S. Ct. 317, 29 L. Ed. 589 (1885); Alvarez v. Smith, 558 U.S. 87 (2009); Already, LLC v. Nike, Inc., 568 U.S. __, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013); Media Space, Inc. v. Comm'r, 477 Fed. Appx. 857 (2d Cir. 2012); NLRB v. Local Union NO. 25, IBEW, 586 F.2d 959 (2d Cir. 1978); Finkel v. Alltek Sec. Sys. Group, Inc., 2011 U.S. Dist.

1

Defendants alternatively request that the Court enter judgment against them and dismiss these claims.[3]

Plaintiffs' arguments that Defendants have not unconditionally tendered full relief are unavailing and must be rejected, as discussed below.

### 1. Defendants' Tender of Checks to Plaintiffs Was Unconditional

On January 27, 2016, Defendants sent, via Federal Express, checks to Plaintiffs' counsel payable to Plaintiffs for full relief. On February 4, 2016, Plaintiffs' counsel acknowledged receipt of the checks and informed Defendants that "we" reject them and "we have not cashed them, nor do we intended [sic] to do so."[4] (See February 17, 2016 Declaration of Jamie S. Felsen, Exhibit B). Plaintiffs' rejection of the checks and refusal to cash them do not prevent the claims from being moot as Plaintiffs have been tendered full relief.

Plaintiffs misunderstand the holding in Campbell-Ewald. The basis for which the Court held that an offer of judgment cannot moot a claim is that once the offer of judgment expires, it leaves the individual to whom the offer of judgment was made emptyhanded since the money has not been paid. Id. at 581-582. The majority in Campbell-Ewald did not hold that tendering full relief to a plaintiff rather than making an offer of judgment cannot moot a claim. In fact, the Court realized that its ruling could lead to a claim becoming moot upon tendering full relief to a plaintiff since the plaintiff would no longer be "emptyhanded." Campbell-Ewald at 582. Indeed, Justice Alito's dissent (along with Justice Roberts' dissent) provides a roadmap to moot claims,

---

LEXIS 111902 (E.D.N.Y. Sept. 29, 2011); Fluellen v. SSA, 2010 U.S. Dist. LEXIS 40689 (S.D.N.Y. Apr. 26, 2010); Allied Leather Corp. v. Interco, Inc., 1993 U.S. Dist. LEXIS 6128 (S.D.N.Y. May 10, 1993).

[3] Under this scenario, Defendants respectfully refer the Court to their previous motion papers with respect to their request for entry of judgment.

[4] It appears that based on the use of the term "we", it was, at least in part, Plaintiffs' counsel's decision to reject the checks which further supports Defendants' position that Defendants are being held hostage by Plaintiffs' counsel who have a conflict of interest with their clients.

2

including tendering payment of complete relief to a plaintiff, which Defendants have done in this case. Defendants have done precisely what the Campbell-Ewald majority left open and the dissent stated was permissible: they sent payment to Plaintiffs for full relief. Plaintiffs simply have to cash the checks, but they refuse to do so.

Plaintiffs' argument that Defendants' delivery of corporate checks to Plaintiffs[5] was not "unconditional" because the checks can be dishonored must be rejected.[6] Defendants tendered payment to Plaintiffs when they sent checks to them. Indeed, the mere mailing of checks constitutes tender. See CPLR § 5003-a; Pusey v. Delta Airlines, 2012 U.S. Dist. LEXIS 35263 (E.D.N.Y. Feb. 7, 2012) adopted by Pusey v. Delta Airlines, Inc., 2012 U.S. Dist. LEXIS 35262 (E.D.N.Y. Mar. 14, 2012) (enforcing settlement agreement where defendant tendered payment but plaintiff rejected it); Allison v. Erie County Indus. Dev. Agency, 16 Misc. 3d 445, 456-457 (N.Y. Sup. Ct. 2007) (letter enclosing 10 checks constituted an unconditional tender by defendants of the sums due both plaintiffs); Wireman v. Reith, 220 A.D.2d 582, 583 (N.Y. App. Div. 2d Dep't 1995) (checks tendered constituted unconditional tender, which terminated the running of postjudgment interest on the amounts paid); Gates v. City of Chicago, 623 F.3d 389, 413 (7th Cir. 2010) (tender of payment ended any dispute over restitution, and the plaintiffs could not revive it by simply refusing the tender); Brandon v. Amtrak, 2013 U.S. Dist. LEXIS 29111, 11-13 (C.D. Cal. Mar. 1, 2013) (rejecting plaintiff's argument that her rejection of tender of full relief prevented claim from being moot).[7] It must be noted that because Plaintiffs refused

---

[5] Although Defendants initially intended on sending checks to the Court, in order for Plaintiffs to immediately receive the money, Defendants sent the checks directly to Plaintiffs' counsel.

[6] The four (4) cases upon which Plaintiffs rely for this proposition are distinguishable from the facts in this case because in this case Plaintiffs have not attempted to cash the checks and refuse to do so.

[7] Therefore, Defendants' reliance on California v. San Pablo & Tulare R. Co., 149 U. S. 308, 13 S. Ct. 876, 37 L. Ed. 747 (1893); Little v. Bowers, 134 U. S. 547, 10 S. Ct. 620, 33 L. Ed. 1016 (1890); San Mateo County v. Southern Pacific R. Co., 116 U. S. 138, 6 S. Ct. 317, 29 L. Ed. 589 (1885); Alvarez v. Smith, 558 U.S. 87 (2009);

3

to even attempt to cash the checks already sent to them, it would have been futile to send them certified checks in the first place.

Moreover, contrary to Plaintiffs' argument, no conditions were placed on the tender of the checks. Indeed, the letter enclosing the checks specifically stated that the checks constituted the unconditional tender of full relief. (See Taubenfeld Feb. 10, 2016 Declaration, Exhibit 4, pages 3-5). Plaintiffs simply refused to cash the checks for full relief and have stated that they do not intend do so.[8]

Additionally, Campbell-Ewald did not hold and, contrary to Plaintiffs' argument, Defendants are not required to admit liability. Moreover, Plaintiffs' first, second, fourth, and fifth claims do not seek a specific declaration admitting liability.[9]

### 2. Defendants' Tender Was for Full Relief

Contrary to Plaintiffs' arguments, Defendants' unconditional tender of payment was for full relief on Plaintiffs' first, second, fourth, and fifth claims.

Plaintiffs argue that the tenders to Perez-White and Santos failed to include prejudgment interest. However, Plaintiffs previously admitted that the offers of judgment to Perez-White and Santos, which did not include pre-judgment interest, were for full relief, and they are bound to

---

Already, LLC v. Nike, Inc., 568 U.S. __, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013); Media Space, Inc. v. Comm'r, 477 Fed. Appx. 857 (2d Cir. 2012); NLRB v. Local Union NO. 25, IBEW, 586 F.2d 959 (2d Cir. 1978); Finkel v. Alltek Sec. Sys. Group, Inc., 2011 U.S. Dist. LEXIS 111902 (E.D.N.Y. Sept. 29, 2011); Fluellen v. SSA, 2010 U.S. Dist. LEXIS 40689 (S.D.N.Y. Apr. 26, 2010); Allied Leather Corp. v. Interco, Inc., 1993 U.S. Dist. LEXIS 6128 (S.D.N.Y. May 10, 1993) is not distinguishable. Merely sending payment for full relief is all that is required to moot a claim.

[8] In the event that the Court concludes that the corporate checks for full relief that Plaintiffs failed to cash do not constitute tender, but that certified checks would constitute tender, Defendants will send Plaintiffs certified checks.

[9] Also, as Plaintiffs concede, the Court's precedence does not always require strict adherence to the law of tender's formalities. (Plaintiffs' MOL at f.n. 4).

4

that admission and estopped from now arguing that they are owed prejudgment interest.[10]  See Plaintiffs' November 30, 2015 Memorandum of Law in Opposition to Defendants' Motion to Enter Judgment at 4; Consol. Edison Co. of N.Y. v. Lexington Ins. Co., 2015 U.S. Dist. LEXIS 121573, 20 (S.D.N.Y. Sept. 9, 2015).

In any event, Perez-White and Santos are not entitled to prejudgment interest.  All of the alleged NYLL damages for Plaintiffs Perez-White and Santos have corresponding damages under the FLSA.  Stated another way, Perez-White and Santos did not work at any time prior to the FLSA period.  "The decision to award prejudgment interest is discretionary, and is based on the need to fully compensate the wronged party, fairness of the award, and the remedial purpose of the statute involved."  Najnin v. Dollar Mt., Inc., 2015 U.S. Dist. LEXIS 141811, 8 (S.D.N.Y. Sept. 25, 2015).  Because the FLSA covers the claims of Perez-White and Santos for the entirety of their employment and Defendants' tender to them includes liquidated damages under both the FLSA and NYLL (thus, Perez-White and Santos each received 200% in liquidated damages), and because liquidated damages under the FLSA are considered compensatory in nature and thus serve as a form of pre-judgment interest, Perez-White and Santos are not entitled to prejudgment interest for the period for which liquidated damages were paid under the FLSA.  See Najnin, 2015 U.S. Dist. LEXIS 141811 at 8-9 ("courts do not award statutory prejudgment interest on any portion of a plaintiff's recovery for which FLSA liquidated damages were awarded"); Min Gui Ni v. Bat-Yam Food Servs., 2016 U.S. Dist. LEXIS 7782 at *7 (S.D.N.Y. Jan. 22, 2016); Pinovi v. FDD Enters., 2015 U.S. Dist. LEXIS 89154, 18 (S.D.N.Y. July 8, 2015); Tackie v. Keff Enters. LLC, 2014 U.S. Dist. LEXIS 130148 at *12 (S.D.N.Y. Sept. 16, 2014).  An additional award of prejudgment interest in addition to the 200% in liquidated damages that

---

[10] The offer of judgment to Rodriguez included prejudgment interest because a portion of her employment was for a period of time that was covered only by the NYLL (and not the FLSA).

5

Perez-White and Santos were paid would provide them with a windfall to which they are not entitled and is not warranted by case law in this district.[11]

Plaintiffs argue that Rodriguez is entitled to $3,092.92 in prejudgment interest, but Defendants tendered only $2,274.21 to her for prejudgment interest.[12] In addition to having wide discretion to award any interest at all, the Court has "wide discretion in determining a reasonable date from which to award prejudgment interest." Hernandez v. NJK Contrs., Inc., 2015 U.S. Dist. LEXIS 57568 (E.D.N.Y. May 1, 2015) quoting Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994). Although Defendants already provided Rodriguez with sufficient interest, to avoid any dispute, on February 16, 2016, Defendants tendered an additional check to Rodriguez in the amount of $818.71 which includes the additional interest that Rodriguez argues she is owed and was not included in the previous check that was sent on January 27, 2016. (See February 17, 2016 Felsen Decl., Exhibit C).

Plaintiffs also incorrectly argue that they were not tendered full relief because Defendants' tender did not include attorneys' fees. However, only when a plaintiff is deemed the prevailing party, is she entitled to reasonable attorneys' fees. See Barbour v. City of White Plains, 788 F. Supp. 2d 216, 221 (S.D.N.Y. 2011) ("'[T]o qualify as a prevailing party … [t]he plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought,

---

[11] In arguing that Plaintiffs Perez-White and Santos are entitled to pre-judgment interest, Plaintiffs rely on Heng Chan v. Sung Yue Tung Corp., 2007 U.S. Dist. LEXIS 33883 at *25-27 (S.D.N.Y. May 4, 2007) and Amaya v. Superior Tile & Granite Corp., 2012 U.S. Dist. LEXIS 5246 at *28 (S.D.N.Y. Jan. 17, 2012). However, these older cases do not reflect the current, prevailing view of prejudgment interest in the Second Circuit. Moreover, these cases incorrectly interpret the policies underlying FLSA liquidated damages. Liquidated damages under FLSA act as the prejudgment interest since FLSA liquidated damages are compensatory in nature.

[12] It must be noted that prior to asserting this argument, Plaintiffs asked Defendants to explain how they calculated interest. Defendants provided an explanation to Plaintiffs accompanied by legal authority and told Plaintiffs that if they disagree with Defendants' method for calculating interest, to inform Defendants of same and to provide authority for their position. Plaintiffs failed to contact Defendants to inform them that they disagree with Defendants' method even though at the pre-motion conference concerning Defendants' motion to dismiss, the Court directed the parties to work together to determine the amount of full relief. (Felsen Feb. 17, 2016 Decl., Exhibit A).

or comparable relief through a consent decree or settlement.") quoting Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992); Maximo v. 140 Green Laundromat, 2015 U.S. Dist. LEXIS 88257 (S.D.N.Y. July 7, 2015) (plaintiff permitted to file a motion for reasonable attorneys' fees after entry of judgment on FLSA claim following court compelling plaintiff to accept offer of judgment); Black v. Nunwood, Inc., 2015 U.S. Dist. LEXIS 56609, (S.D.N.Y. Apr. 30, 2015) (permitting plaintiff to submit application for attorney's fees after having accepted a Rule 68 offer of judgment in satisfaction of, *inter alia*, FLSA claims that did not include such fees by its terms).[13]

Plaintiffs' supplemental brief also incorrectly argues that Campbell-Ewald "instructed district courts not to enter judgment and rather to permit plaintiffs to establish the propriety of class certification." (Plaintiffs' MOL at 7). Simply stated, this was not the issue decided by Campbell-Ewald. Campbell-Ewald did not alter the decision in Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523 (2013) that "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot" and that "[i]n the absence of any claimant's opting in, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." Genesis Healthcare Corp., 133 S. Ct. 1523, 1528-1529. Defendants respectfully refer the Court to their fully briefed motion with respect to this issue which is incorporated herein in its entirety.

---

[13] Plaintiffs' reliance on Henry v. Warner Music Group Corp., 2014 U.S. Dist. LEXIS 39309 (S.D.N.Y. Mar. 21, 2014) is misplaced as Henry merely permitted the defendants to make a reasonable allowance for attorneys' fees when calculating the potential amount in controversy to determine if there was diversity jurisdiction. As discussed *supra*, it is only after a judgment is entered that a plaintiff becomes the prevailing party at which time he or she can seek attorneys' fees.

## POINT II

## THE COURT SHOULD NOT DENY DEFENDANTS' MOTION FOR FAILURE TO FILE A NOTICE OF MOTION

Plaintiffs argue that the Court should take the draconian step of denying Defendants' motion to dismiss simply because Defendants did not file a notice of motion and simply filed a letter requesting dismissal for lack of jurisdiction.

A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Courts consider motions on the merits where a party does not file a notice of motion. See Wheeler-Whichard v. Delauro, 2013 U.S. Dist. LEXIS 130274 (W.D.N.Y. Aug. 15, 2013); D'Antonio v. Metro. Transp. Auth., 2008 U.S. Dist. LEXIS 16726 (S.D.N.Y. Mar. 4, 2008); Sands Bros. & Co. v. Ettinger, 2004 U.S. Dist. LEXIS 4243 (S.D.N.Y. Mar. 19, 2004).

To the extent that this motion is not considered supplemental to Defendants' previously filed motion to dismiss, for several reasons the Court should not penalize Defendants for not complying with the local rules (to the extent that they did not comply).

First, any failure to file a notice of motion was inadvertent.

Second, the procedural posture of this case is unusual as the result of the decision in Campbell-Ewald while Defendants' motion has been pending. Plaintiffs filed a letter with the Court on January 22, 2016 requesting leave to file a supplemental brief in light of the Campbell-Ewald decision. In response to that letter, Defendants informed the Court that they would be sending payment to Plaintiffs for full relief (and filed a subsequent letter confirming that they sent payment to Plaintiffs).

Third, Plaintiffs have suffered no prejudice based on the lack of a notice of motion. Indeed, on January 25, 2016, Plaintiffs requested that the Court endorse Plaintiffs' proposed

8

briefing schedule to address the result of Defendants sending checks to Plaintiffs for full relief. [ECF Document No. 37].  Therefore, Plaintiffs anticipated the arguments made by Defendants in the supplemental briefing of Defendants' motion to dismiss.[14]

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their motion to dismiss the first, second, fourth, and fifth claims in the Amended Complaint for lack of jurisdiction under Fed. R. Civ. Proc. 12(b)(1) as these claims are moot, or, in the alternative, for entry of judgment against Defendants on these claims and dismissal of the claims.

Dated: February 17, 2016

                                        Respectfully Submitted,

                                        **MILMAN LABUDA LAW GROUP PLLC**

                                        By: /s/ Jamie S. Felsen
                                        Attorneys for Defendants
                                        3000 Marcus Ave, Suite 3W8
                                        Lake Success, NY 11042
                                        (516) 328-8899

---

[14] Likewise, there is no prejudice to Plaintiffs by Defendants filing a letter brief that contained legal citations instead of a memorandum of Law.