UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHY PEREZ-WHITE, MARTHA
SANTOS, and BARBARA
RODRIGUEZ, individually and on behalf of
others similarly situated,

                                    Plaintiffs,

                - against -

ADVANCED DERMATOLOGY OF NEW
YORK P.C., LAWRENCE JAEGER, and
NICOLE MAULELLA,

                                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/7/16
```

**MEMORANDUM
OPINION & ORDER**

15 Civ. 4858 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

            In this putative collective and class action, Plaintiffs Kathy Perez-White, Martha

Santos, and Barbara Rodriguez assert claims against Defendants Advanced Dermatology of

New York P.C., Lawrence Jaeger, and Nicole Maulella under the Fair Labor Standards Act (the

"FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"), §§ 190 et

seq., on behalf of themselves and all others similarly situated, for failure to pay overtime

compensation. Plaintiffs also assert claims for failure to provide proper wage notices and

statements, breach of contract, failure to pay straight time, uniform reimbursement violations,

failure to timely pay wages, and retaliation.

            Defendants have moved for the entry of a Rule 68 judgment as to certain claims,

and for the dismissal of other claims pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 21) For the

reasons stated below, Defendants' motion for entry of a Rule 68 judgment will be denied, and

Defendants' motion to dismiss will be granted in part and denied in part.

## BACKGROUND[1]

Advanced Dermatology is a New York corporation that provides dermatological services at one location in Manhattan – 200 Central Park South – and four Bronx locations: 2100 Bartow Avenue; 291 East 149th Street; 1455 West Avenue; and 2432 Grand Concourse. (Am. Cmplt. (Dkt. No. 13) ¶¶ 3-6)[2]  Defendant Lawrence Jaeger is the sole owner of Advanced Dermatology and operates the company with Defendant Nicole Maulella. (Id. ¶¶ 16-20)

On November 4, 2013, Defendants hired Plaintiff Kathy Perez-White as a receptionist at their Central Park South location. (Id. ¶ 28)  On January 3, 2014, Defendants promoted Perez-White to site manager at the Bartow Avenue location. (Id. ¶ 29)  Between November 4, 2013 and May 2014, Defendants paid Perez-White $15 an hour. (Id. ¶ 30)  Between May 2014 and November 2014, Defendants paid Perez-White $16 an hour. (Id. ¶ 31)  Between November 2014 and her termination on April 17, 2015, Defendants paid Perez-White $17.50 an hour. (Id. ¶ 32)  While "Perez-White's schedule fluctuated, . . . she regularly worked more than 40 hours a week." (Id. ¶ 34)  While serving as a receptionist, Perez-White took a half-hour break each day; while working as a manager, she rarely took breaks longer than 20 minutes. (Id. ¶¶ 35-36)  The Amended Complaint alleges that Defendants did not pay Perez-White overtime compensation and did not compensate her for each hour she worked. (Id. ¶¶ 39, 42)

In 2007, Defendants hired Plaintiff Barbara Rodriguez to work at their Central Park South location. (Id. ¶ 43)  In 2008, Rodriguez began working as a front desk

---

[1]  The facts set forth in this order are drawn from the Complaint and are presumed true for purposes of resolving Defendants' motion to dismiss. See Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007).

[2]  The page numbers of documents referenced in this opinion correspond to the page numbers designated by this District's Electronic Case Filing system.

2

administrative assistant earning $15 an hour. (Id. ¶¶ 43, 57)  In 2009, Rodriguez was promoted to desk floor manager and her pay was increased to $16 an hour. (Id. ¶¶ 44, 58)  Toward the end of 2012, Rodriguez became a part-time employee. (Id. ¶¶ 51-54)  The Amended Complaint alleges that Defendants did not pay Rodriguez overtime compensation and did not compensate her for each hour she worked. (Id. ¶¶ 59-60)

On January 12, 2015, Defendants hired Plaintiff Martha Santos to work as a general manager in the 200 Central Park South office. (Id. ¶ 61)  Santos was paid a bi-weekly salary of $1,731.20, but she claims that she was never paid overtime compensation despite working more than forty hours per week. (Id. ¶¶ 65-66)

The Amended Complaint further alleges that Defendants "failed to provide Plaintiffs with . . . wage notice[s] . . . [and] proper wage statements," "failed to reimburse Plaintiffs Perez-White and Rodriguez for the expenses they incurred in purchasing . . . scrubs," "did not pay Plaintiff Perez-White for the last three days of her employment," and retaliated against Perez-White and Santos for engaging in protected activity. (Id. ¶¶ 67-91)

The Complaint was filed on June 23, 2015, and an Amended Complaint was filed on September 3, 2015. (Dkt. Nos. 1, 13)  The Amended Complaint asserts the following claims: (1) unpaid overtime under the FLSA (Am. Cmplt. (Dkt. No. 13) ¶¶ 105-08); (2) unpaid overtime under the NYLL (id. ¶¶ 109-12); (3) failure to provide wage notices and paystubs under the NYLL (id. ¶¶ 113-17); (4) breach of contract for failure to make straight time payments (id. ¶¶ 118-23); (5) failure to make straight time payments under the NYLL (id. ¶¶ 124-27); (6) failure to provide uniform reimbursement under the NYLL (id. ¶¶ 128-31); (7) failure to pay Perez-White for her last three days of work (id. ¶¶ 132-35); (8) retaliation against

3

Perez-White and Santos under the NYLL (id. ¶¶ 136-39); and (9) retaliation against Perez-White and Santos under the FLSA (id. ¶¶ 140-43).

On December 7, 2015, Defendants moved for entry of judgment as to certain claims, and for dismissal of other claims under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 21)

## DISCUSSION

With respect to Plaintiffs' overtime and straight time claims – the Amended Complaint's First, Second, Fourth, and Fifth Claims for Relief – Defendants argue that judgment should be entered for Plaintiffs and their claims dismissed as moot in light of Defendants' tender of full relief. (Def. Br. (Dkt. No. 23) at 5) Defendants further contend that Plaintiffs' wage notice and uniform reimbursement claims, and Perez-White's claim for pay associated with her last three days of work – the Amended Complaint's Third, Sixth, and Seventh Claims for Relief – should be dismissed for failure to state a claim under Rule 12(b)(6). (Id.)

## I.    RULE 68 OFFERS OF JUDGMENT

On September 2, 2015, Defendants served an offer of judgment on Plaintiff's counsel in which Defendants "offer[ed] to allow judgment to be taken against them in this action with respect to [the First, Second, Fourth, and Fifth] causes of action contained in the Complaint asserted by KATHY PEREZ-WHITE and BARBARA RODRIGUEZ," and "[p]otential claims under the FLSA and NYLL for unpaid wages for potential opt-in MARTHA SANTOS."[3] (Dkt. No. 22-2 (Offer of Judgment)) The offer of judgment set forth the "terms of the judgment" as follows:

---

[3] Although Santos is a named plaintiff in the Amended Complaint, she was not a party at the time Defendants served their offer of judgment.

4

Judgment for KATHY PEREZ-WHITE in the amount of $16,780.39 as well as costs and reasonable attorneys' fees incurred by KATHY PEREZ-WHITE to the date of this offer.

Judgment for BARBARA RODRIGUEZ in the amount of $6,404.95 as well as pre-judgment interest (interest only for the second and fifth causes of action), costs and reasonable attorneys' fees incurred by BARBARA RODRIGUEZ to the date of this offer.
Judgment for MARTHA SANTOS in the amount of $1,632.53 as well as costs and reasonable attorneys' fees incurred by MARTHA SANTOS to the date of this offer.

(Id. at 1-2)  Plaintiffs rejected the offer of judgment on September 16, 2015.  (Felsen Decl. (Dkt. No. 22) ¶ 7).

At an October 8, 2015 court conference, Plaintiffs' counsel stated that the offer of judgment had not provided full relief to Perez-White and Rodriguez on the First, Second, Fourth, and Fifth Claims for Relief.  (Oct. 8, 2015 Tr. (Dkt. No. 20) at 3)  The Court directed the parties to attempt to reach agreement as to what amount would constitute full relief on these claims.  (Id. at 13-14)  Defense counsel represents that after the October 8, 2015 conference, Plaintiffs' counsel and defense counsel reached agreement as to what sums would constitute full relief for Perez-White, Rodriguez, and Santos, but that Plaintiffs nonetheless "refused to accept payment, entry of judgment, and dismissal of these claims." (Felsen Decl. (Dkt. No. 22) ¶¶ 9-12)

On January 27, 2016, defense counsel sent checks to Plaintiffs' counsel – payable to the Plaintiffs – in the following amounts:  $1,632.53 payable to Martha Santos; $17,503.55 payable to Kathy Perez-White; and $19,257.01 payable to Barbara Rodriguez.  (Def. Jan. 27, 2016 Ltr. (Dkt. No. 38))  In a cover letter accompanying the checks, defense counsel states that the checks "constitute the unconditional tender of full relief for Plaintiffs' first, second, fourth, and fifth causes of action in the Amended Complaint."  (Id. at 3)  Defense counsel's January 27, 2016 letter does not state that Defendants consent to having judgment

5

entered against them, however, nor does it acknowledge Plaintiffs' claim for attorneys' fees and costs. (See id.)

On February 16, 2016, defense counsel sent an $818.71 check payable to Barbara Rodriguez to reflect additional pre-judgment interest she claimed to be owed. (Def. Feb. 16, 2016 Ltr. (Dkt. No. 47-3)) Plaintiffs have agreed that the amounts reflected in the checks Defendants have provided constitute full monetary relief for Plaintiffs Perez-White, Rodriguez, and Santos on the Amended Complaint's First, Second, Fourth and Fifth Claims for Relief (Pltf. Opp. Br. (Dkt. No. 25) at 12),[4] but have nonetheless refused to accept payment. (See Pltf. Feb. 4, 2016 email (Dkt. No. 47-2) at 2 ("We received the checks. You will not be surprised to learn that we reject them."))

Defendants now contend that Plaintiffs should be "compelled to accept Defendants' [o]ffer of [j]udgment . . . , and judgment should immediately be entered in Plaintiffs' favor on [the Amended Complaint's First, Second, Fourth, and Fifth Claims for Relief]." (Def. Br. (Dkt. No. 23) at 11)

## A. Applicable Law

Rule 68 of the Federal Rules of Civil Procedure provides:

(a) **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

---

[4] This concession is explicit in Plaintiffs' opposition brief: "The parties subsequently agreed, for the purposes of this motion but without prejudice to challenge Defendants' calculation in the future, on the amounts due monetarily for Plaintiffs' First, Second, Fourth, and Fifth Causes of Action and Defendants revised their Offer of Judgment to reflect these new amounts." (Pltf. Opp. Br. (Dkt. No. 25) at 12)

6

**(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

. . . .

**(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68.

For many years, there was uncertainty about whether "a Rule 68 offer of complete relief to an individual renders his case moot for purposes of Article III, regardless of whether judgment is entered against the defendant." Tanasi v. New All. Bank, 786 F.3d 195, 199 (2d Cir. 2015) (outlining circuit split regarding this issue), as amended (May 21, 2015).

In Campbell-Ewald Co. v. Gomez, however, the Supreme Court settled the "disagreement among the Courts of Appeals over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016), as revised (Feb. 9, 2016). The Court rejected the proposition "that an unaccepted settlement offer [under Rule 68] can moot a complaint." Id. at 671. The Supreme Court ruled that "'[w]hen a plaintiff rejects such an offer – however good the terms – her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer – like any unaccepted contract offer – is a legal nullity, with no operative effect.'" Id. at 670 (quoting Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1533 (2013) (Kagan, J., dissenting)).[5]

---

[5] The Supreme Court declined to reach the mootness issue in Genesis Healthcare, finding that it had been waived. See Genesis Healthcare, 133 S. Ct. at 1529. Justice Kagan dissented, however, and "explained that she would have reached the threshold question and would have held that 'an unaccepted offer of judgment cannot moot a case.'" Campbell-Ewald, 136 S. Ct. at 670 (quoting Genesis Healthcare, 133 S. Ct. at 1533 (Kagan, J., dissenting)). When the issue

In reaching this decision, the Supreme Court emphasized that, after the offer of

judgment expired, plaintiff's claim remained unsatisfied:

> [W]hen the settlement offer Campbell extended to Gomez expired, Gomez remained
> emptyhanded; his [Telephone Consumer Protection Act] complaint, which Campbell
> opposed on the merits, stood wholly unsatisfied. Because Gomez's individual claim was
> not made moot by the expired settlement offer, that claim would retain vitality during
> the time involved in determining whether the case could proceed on behalf of a class.
> While a class lacks independent status until certified, see Sosna v. Iowa, 419 U.S. 393,
> 399 (1975), a would-be class representative with a live claim of her own must be
> accorded a fair opportunity to show that certification is warranted.

Id. at 672.

The Court left for another day the following question:

> whether the result would be different if a defendant deposits the full amount of the
> plaintiff's individual claim in an account payable to the plaintiff, and the court then
> enters judgment for the plaintiff in that amount.

Id.

Plaintiffs now argue that Campbell-Ewald "held that an unaccepted offer of

judgment does not moot a claim," and that accordingly this Court "should permit the case to

proceed [as to the First, Second, Fourth and Fifth Claims for Relief]." (Pltf. Supp. Br. (Dkt. No.

44) at 7) Plaintiffs further contend that, in any event, "Defendants have not offered Plaintiffs all

they have requested," because "Plaintiffs have requested that the Court conditionally certify a

collective action under the FLSA and a Rule 23 class action under the NYLL. Defendants'

tender does not provide any representative relief." (Id. at 8; see also id. at 19) Plaintiffs also

claim that Defendants "did not provide to Plaintiffs the full measure of their prejudgment

interest or their attorneys' fees or costs." (Id. at 8; see also id. at 20-22)

---

was raised anew in Campbell-Ewald, the Supreme Court "adopt[ed] Justice Kagan's analysis."
Id.

Defendants respond that "[Campbell-Ewald] did not hold that a district court is precluded from compelling a plaintiff to accept an offer of judgment," and they note that the Supreme Court emphasized that with the expiration of the offer of judgment in Campbell-Ewald, the plaintiff in that case was left "emptyhanded." (Def. Supp. Reply Br. (Dkt. No. 45) at 2-3) Here, Defendants contend, they sent checks to Plaintiffs representing full relief on their claims. (Id. at 4) As to Plaintiffs' contention that they are owed pre-judgment interest, attorneys' fees and costs, Defendants point out that Plaintiffs previously represented to this Court – in their opposition brief – that Defendants had offered their clients full monetary relief. (Id. at 5-6) On the merits, Defendants argue that Perez-White and Santos are not entitled to pre-judgment interest, and that Rodriguez was offered all the pre-judgment interest to which she is entitled. (Id. at 6-7) As to attorneys' fees and costs, Defendants contend that Plaintiffs' right to attorneys' fees and costs arises only after Plaintiffs are deemed prevailing parties, which must await entry of judgment. (Id. at 7-8) Finally, Defendants argue that the Campbell-Ewald court did not address the issue of whether individual plaintiffs who have been offered full monetary relief must be permitted an opportunity to establish the propriety of class certification. (Id. at 8) Defendants ask this Court to make "a determination that Plaintiffs' first, second, fourth, and fifth claims are moot and should be dismissed." (Id. at 2)

## B.   Analysis

As an initial matter, it must be acknowledged that Campbell-Ewald does not resolve the question of whether, in a putative class action where a named plaintiff has been provided with full monetary relief, a district court may enter judgment in plaintiff's favor over plaintiff's objection. As Judge Hellerstein has stated:

Campbell-Ewald expressly did not reach the question of whether the district court had authority to enter a judgment for the plaintiff over the plaintiff's objections and dismiss

9

the action, if the full amount in controversy were actually paid: See Campbell-Ewald, 136 S. Ct. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.").

Leyse v. Lifetime Entertainment Services, LLC, 13 Civ. 5794 (AKH), 2016 WL 1253607, at * 1 (S.D.N.Y. March 17, 2016). As discussed above, integral to the Campbell-Ewald decision was a finding that the plaintiff's claim was entirely unsatisfied, and that after the offer of judgment expired, he was left "emptyhanded." This is not that case.

Moreover, while Plaintiffs now contend that they have not been offered full monetary relief, in their opposition brief they conceded that the amounts ultimately constitute full monetary relief. See Pltf. Opp. Br. (Dkt. No. 25) at 12; see also Maximo v. 140 Green Laundromat, No. 14 CIV. 6948 (KPF), 2015 WL 4095248, at *3 (S.D.N.Y. July 7, 2015) ("Given that Plaintiff has stipulated that the $1,664.00 figure is correct, this is a complete offer of relief under the FLSA."). With respect to Plaintiffs' objection regarding attorneys' fees and costs, courts permit plaintiffs "to put in an application for [attorneys'] fees and costs" following entry of a Rule 68 judgment. Id. at *4; see also Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751, at *3 (W.D.N.Y. Apr. 18, 2016) ("when a party accepts a Rule 68 offer of judgment that is silent as to costs, that party is entitled to seek costs after entry of judgment"); Black v. Nunwood, Inc., No. 1:13-CV-7207-(GHW), 2015 WL 1958917, at *1 (S.D.N.Y. Apr. 30, 2015) (awarding attorney's fees following acceptance of a Rule 68 offer of judgment). Indeed, Defendants' offer of judgment expressly contemplates a subsequent award of attorneys' fees and costs. (See Offer of Judgment (Dkt. No. 22-2) at 2-3 (providing for "costs and reasonable attorneys' fees"))

10

Although Plaintiffs argue that Defendants' failure to admit liability deprives them of complete relief (see Pltf. Supp. Br. (Dkt. No. 44) at 16), "[t]here is no basis in either Rule 68 or the decisions interpreting Rule 68 for such a requirement to be imposed upon offers of judgment. Rule 68 does not require that offers of judgment include[] admissions of liability." Jolly v. Coughlin, No. 92 CIV. 9026 (JGK), 1999 WL 20895, at *8 (S.D.N.Y. Jan. 19, 1999); see also Leyse, 2016 WL 1253607, at *2 ("A plaintiff has no entitlement to an admission of liability, as a party can always incur a default judgment and liability without any factual findings."); Kaye v. Amicus Mediation & Arbitration Grp., Inc., 300 F.R.D. 67, 74 (D. Conn. 2014), reconsideration denied, No. 3:13-CV-347 (JCH), 2014 WL 5092876 (D. Conn. Oct. 10, 2014) ("In this Circuit, a plaintiff is not entitled to continue litigating if the defendant consents to judgment in the maximum amount for which the defendant could be held liable, regardless of any admission of liability. . . ."); cf. Cabala v. Crowley, 736 F.3d 226, 229 (2d Cir. 2013) (noting "[counsel's] insistence on an admission of liability . . . '[is] not founded in law'").

Acknowledging that "Second Circuit[] precedent allow[s] for the entry of judgment for the plaintiff over plaintiff's objections" where a defendant has offered full relief, Leyse, 2016 WL 1253607, at *2; see also McCauley v. Trans Union, L.L.C., 402 F.3d 340, 342 (2d Cir. 2005) ("'if the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment.'" (quoting Chathas v. Local 134 Int'l Bhd. of Elec. Workers, 233 F.3d 508, 512 (7th Cir. 2000))), the issues presented by Defendants' motion are not ripe for resolution.

Defendants' September 2, 2015 offer of judgment did not offer Plaintiffs full monetary relief. In the months after Defendants served their offer of judgment, they offered Plaintiffs amounts larger than those set forth in their offer of judgment. For example, since

11

September 2, 2015, Defendants have offered Plaintiff Rodriguez $20,075.72 (see Def. Jan. 27, 2016 Ltr. (Dkt. No. 38); Def. Feb. 16, 2016 Ltr. (Dkt. No. 47-3)), whereas she was offered $6404.95 in the offer of judgment. (Dkt. No. 22-2 (Offer of Judgment)) Similarly, Plaintiff Perez-White was offered $16,780.39 in Defendants' offer of judgment (see id.), and Defendants – by letter – subsequently raised their offer to $17,503.55. (Def. Jan. 27, 2016 Ltr. (Dkt. No. 38)) Accordingly, the September 2, 2015 offer of judgment did not offer Plaintiffs full relief.

Moreover, as discussed above, while Defendants' January 27, 2016 letter offers Plaintiffs increased amounts, that letter does not state that Defendants consent to having judgment entered against them, nor does it acknowledge Plaintiffs' claim for attorneys' fees and costs. (Id.) Accordingly, Defendants' January 27, 2016 letter cannot be regarded as an offer of judgment that provides Plaintiffs with full relief.

In the event that Defendants – in the future – make an offer of judgment to all named plaintiffs that constitutes full monetary relief, this Court will be required to resolve the question of whether a named plaintiff in a putative class or collective action who has been provided with full monetary relief is entitled to a ruling on her motion for class or collective certification. Campbell-Ewald does not answer that question. That case likewise does not resolve whether – where a plaintiff has been provided with full monetary relief – collective action or class action allegations present "an actual controversy." The Campbell-Ewald court states that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Campbell-Ewald, 136 S. Ct. at 672 (emphasis added). Some courts have concluded, however, that where a named plaintiff in a class or collective action has been provided with full monetary relief, that plaintiff no longer has a live claim. See South Orange Chiropractic Center, LLC v. Cayan LLC, No. 15-13069-PBS,

12

2016 WL 1441791, at *5 (D. Mass. April 12, 2016) (concluding that "named plaintiff no longer has the requisite 'live claim' because Defendant has offered to deposit a check with the court, to satisfy all of Plaintiff's individual claims (and more), and to have the district court enter judgment in Plaintiff's favor"); see also Leyse, 2016 WL 1253607, at* 1-2 (holding, in a case where class certification had been denied, that "a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court").

Here, it is worth noting that on March 21, 2016, Raquel Cooper opted-in as a plaintiff with respect to the Amended Complaint's FLSA claims. See Dkt. No. 49; see also Gonyer v. Vane Line Bunkering, Inc., 32 F. Supp. 3d 514, 516 (S.D.N.Y. 2014) (opt-in plaintiffs "effectively opted into the case on [the] date" their notices of consent were filed). Although Cooper opted-in after Defendants made their offer of judgment to the named plaintiffs, the teaching of Campbell-Ewald is – as discussed above – that an unaccepted offer of judgment does not deprive a court of subject matter jurisdiction. See Campbell-Ewald, 136 S. Ct. at 672.

Given that Cooper has opted-in as a plaintiff with respect to the Amended Complaint's FLSA claim, there can be no argument that the FLSA claim is moot. See Anjum v. J.C. Penney Co., No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *9 n.4 (E.D.N.Y. Oct. 9, 2014) ("the joinder of an opt-in plaintiff . . . adds a party with an independent stake in the outcome"); Sharma v. Burberry Ltd., No. CV 12-6356, 2014 WL 4802990, at *3 (E.D.N.Y. Sept. 23, 2014) ("The case is also not moot if the offer does not include additional plaintiffs who have opted in."); Moreira v. Sherwood Landscaping Inc., No. 13-CV-2640 (JS) (AKT), 2014 WL 4639126, at *4 (E.D.N.Y. Sept. 16, 2014) ("Now, additional plaintiffs have opted in

13

to this action and it does not appear that Defendants have served them with offers of judgment. Because not all plaintiffs have received Rule 68 offers of judgment, the case could not be moot."); Ritz v. Mike Rory Corp., 959 F. Supp. 2d 276, 280 (E.D.N.Y. 2013) ("[E]ven if an offer of judgment to a plaintiff is comprehensive and undisputed, courts will not dismiss the case as moot if there is a pending motion for conditional certification and additional individuals have opted in the litigation." (emphasis in original)); Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012) ("In view of the facts that an opt-in plaintiff has been identified and a motion for conditional collective action certification has been made, the court holds that this matter is not moot."); Bah v. Shoe Mania, Inc., No. 08 Civ. 9380 (LTS) (AJP), 2009 WL 1357223, at *2 (S.D.N.Y. May 13, 2009) (finding "action . . . not mooted by Defendants' offer of judgment" where "an additional plaintiff has already opted in").

Moreover, in the event that Cooper is "a proper class representative" for purposes of the New York Labor Law claims, there is "no reason why class certification, assuming the existence of a proper class, may not be made." Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980); see also In re Nat'l Australia Bank Sec. Litig., No. 03 Civ. 6537 (BSJ), 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (collecting cases "demonstrat[ing] that courts not only may, but should, 'respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative'" (emphasis in original) (quoting In re Thornburgh, 869 F.2d 1503, 1509 (D.C. Cir. 1989))).

In any event, for the reasons discussed above, this Court cannot find that the Defendants' September 2, 2015 offer of judgment and later correspondence have rendered the First, Second, Fourth and Fifth Claims for Relief moot.

14

## II.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants have moved to dismiss the Amended Complaint's Third, Sixth, and Seventh Claims for Relief.

### A.    Applicable Law

A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint. "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). These factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint[,]" Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622

15

F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)).

**B.    Analysis**

**1.    Wage Notice and Statement Claim**

The Amended Complaint's Third Claim for Relief alleges that Defendants violated NYLL §§ 195(1) and (3) by failing to provide Plaintiffs with required wage notices and statements. (Am. Cmplt. (Dkt. No. 13) ¶¶ 113-17) Defendants contend that this claim "must be dismissed as there is no private right of action under NYLL § 195." (Def. Br. (Dkt. No. 23) at 17)

"Prior to 2010, employees did not have . . . private cause[s] of action for an employer's failure to provide a proper wage statement" or notice under NYLL §§ 195(1) and (3). Ayala v. Looks Great Servs., Inc., No. 14-CV-6035 (ADS) (SIL), 2016 WL 3541548, at *3 (E.D.N.Y. June 23, 2016). "However, in 2010, the New York Legislature passed the Wage Theft Prevention Act (the 'WTPA')," which "for the first time created a private right of action for employees" for violations of these provisions. Id. Now, "[a] private right of action to recover penalties for violations of Sections 195(1) and 195(3) is provided by Sections 198(1-b)[6]

---

[6] Section 198(1-b) provides:

> If any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

N.Y. Lab. Law § 198(1-b).

16

and 198(1-d)[7] of the Labor Law, respectively." <u>Kone v. Joy Constr. Corp.</u>, No. 15 Civ. 1328
(LTS), 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016).

"[T]he WTPA ha[s] an effective date of April 9, 2011. . . . Thus, the Plaintiffs
may only assert a damages claim against the Defendants for violating NYLL §[§] 195[(1) and]
(3) if those violations occurred after April 9, 2011." <u>Ayala</u>, 2016 WL 3541548, at *3-4.  Here,
Plaintiff Rodriguez began her employment with Defendants before April 2011, and she
concedes that she "does not have a claim under NYLL § 195(1)(a) and only has a claim for
Defendants' failure to provide her with accurate wage statements under NYLL § 195(3)." (Pltf.
Opp. Br. (Dkt. No. 25) at 31 n.11)

Accordingly, Defendants' motion to dismiss the Third Claim for Relief will be
granted as to Plaintiff Rodriguez's claim under NYLL § 195(1)(a), but will otherwise be denied.

## 2. Uniform Cost Reimbursement Claim

Plaintiffs' Sixth Claim for Relief alleges that Defendants "failed to reimburse
Plaintiffs Perez-White and Rodriguez and others similarly situated for uniform purchases."
(Am. Cmplt. (Dkt. No. 13) ¶¶ 128-31)  Defendants contend that "where, as here, employees are
paid in excess of the minimum wage rate, . . . non-hospitality employer[s] (like Defendants)
[are] not obligated to reimburse the employees for the cost of uniforms." (Def. Br. (Dkt. No.

---

[7] Section 198(1-d) provides:

> If any employee is not provided a statement or statements as required by
> subdivision three of section one hundred ninety-five of this article, he or she shall
> recover in a civil action damages of two hundred fifty dollars for each work day
> that the violations occurred or continue to occur, but not to exceed a total of five
> thousand dollars, together with costs and reasonable attorney's fees. The court
> may also award other relief, including injunctive and declaratory relief, that the
> court in its discretion deems necessary or appropriate.

N.Y. Lab. Law § 198(1-d).

17

23) at 16)  Plaintiffs contend that the applicable "provision is not limited to employees who earn less than the minimum wage."  (Pltf. Opp. Br. (Dkt. No. 25) at 31)

　　　　　The parties do not dispute that New York's Miscellaneous Wage Order applies to Plaintiffs.  See Pltf. Opp. Br. (Dkt. No. 25) at 31 (citing to Miscellaneous Wage Order); Def. Br. (Dkt. No. 23) at 31 (same); see also N.Y. Comp. Codes R. & Regs. tit. 12 §§ 142, et seq. ("Miscellaneous Wage Order").  The Miscellaneous Wage Order provides that "[n]o allowance for the supply, maintenance or laundering of required uniforms shall be permitted as part of the minimum wage.  Where an employee purchases a required uniform, he shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages." Miscellaneous Wage Order § 142-2.5(c).

　　　　　Another provision – the Hospitality Wage Order – governs employees in the hospitality industry.  See N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146, et seq. ("Hospitality Wage Order").  "The Hospitality Wage Order requires employers in the hospitality industry to provide compensation for employees' purchase and maintenance of required uniforms . . . 'regardless of a given employee's regular rate of pay.'"  Cordero v. New York Inst. of Tech., No. 12-CV-3208 (SJF) (GRB), 2013 WL 3189189, at *2 (E.D.N.Y. June 20, 2013) (quoting Hospitality Wage Order § 146-1.7).  "[By] contrast, the uniform compensation requirements of wage orders in other industries, such as the [Miscellaneous Wage Order], are limited to circumstances where the 'plaintiffs' uniform-related expenditures would reduce their wages below the minimum wage.'"  Id. (quoting Chan v. Triple 8 Palace. Inc., No. 03 Civ. 6048, 2006 WL 851749, at *22 (S.D.N.Y. Mar. 30, 2006)).[8]

---

[8]  Prior to January 1, 2011, the Hospitality Wage Order contained the same language governing uniform purchases as the current Miscellaneous Wage Order.  Compare Miscellaneous Industries and Occupations Wage Order § 142-2.5(c) with N.Y. Comp. Codes R. & Regs. tit.

18

Given that the Miscellaneous Wage Order applies here, and that Plaintiffs have
not alleged that their uniform costs were such that their pay fell below the minimum wage,
Plaintiffs' claim for uniform cost reimbursement will be dismissed.

### 3.     Timely Wages Claim

The Amended Complaint's Seventh Claim for Relief alleges that Defendants
violated NYLL § 191(3) by failing to timely pay Plaintiff Perez-White for her last three days of
employment. (Am. Cmplt. (Dkt. No. 13) ¶¶ 132-35)  Defendants argue that (1) "there is no
provision for private recovery for violations of NYLL § 191," and (2) the statute "does not
protect claims for failure to pay the proper wage amount." (Def. Br. (Dkt. No. 23) at 16-17)

NYLL § 191(3) provides that "[i]f employment is terminated, the employer shall
pay the wages not later than the regular pay day for the pay period during which the termination
occurred." N.Y. Lab. Law § 191(3). Thus, "Labor Law § 191 by its terms only involves the
timeliness of wage payments. . . ." Myers v. Hertz Corp., 624 F.3d 537, 545 (2d Cir. 2010).

---

12, § 137-1.8 (repealed eff. Jan. 1, 2011).  Courts applying the former Hospitality Wage Order
consistently held that uniform cost reimbursement was required only "[i]f an employee's
uniform costs reduce[d] his pay below the statutory minimum wage." Garcia v. La Revise
Associates LLC, No. 08 Civ. 9356 (LTS) (THK), 2011 WL 135009, at *6 (S.D.N.Y. Jan. 13,
2011); see also Guan Ming Lin v. Benihana Nat'L Corp., 755 F. Supp. 2d 504, 511 (S.D.N.Y.
2010) ("The . . . NYLL allow[s] employers to shift the cost of uniform purchase and
maintenance to employees as long as doing so does not reduce the employee's wage below the
minimum wage or lower the amount of overtime pay due."); Ting Yao Lin v. Hayashi Ya II,
Inc., No. 08 Civ. 6071(SAS) (AJP), 2009 WL 289653, at *6 (S.D.N.Y. Jan. 30, 2009) (denying
claim for uniform reimbursement because "[plaintiff] was paid $8.01 and then $8.97 per hour,
which even after uniform expenses exceeded the state minimum wage of $7.15 per hour"
(internal citations omitted)), report and recommendation adopted sub nom. Yao Lin v. Hayashi
Ya II, Inc., No. 08 Civ. 6071 (SAS) (AJP), 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009); Ayres
v. 127 Rest. Corp., 12 F. Supp. 2d 305, 310 (S.D.N.Y. 1998) ("New York law . . . require[s]
employers to compensate employees for the purchase and maintenance of required uniforms if
the employees' expenditures for these purposes would reduce their wages to below minimum
wage.").

19

Although Perez-White frames her claim as one for failure to pay timely wages under NYLL

§ 191(3), it is clear that the gravamen of her claim is that Defendants "failed to provide [her]

with full payment." (Am. Cmplt. (Dkt. No. 13) ¶ 134)

> As the Second Circuit explained in Myers,

> New York courts have suggested that plaintiffs may not use Labor Law § 191 to
> seek unpaid wages to which they claim to be entitled under a statute; rather § 191
> guarantees only that the wages the employer and employee have "agreed" upon be
> paid in a "timely" manner . . . according to the "terms of [the employee's]
> employment."

Myers, 624 F.3d at 545 n.1 (citing Jara v. Strong Steel Door, Inc., No. 14643/05, 20 Misc. 3d

1135(A), 2008 WL 3823769, at *11–12 (N.Y. Sup. Ct. Aug. 15, 2008) ("Labor Law § 191 is an

inappropriate vehicle for . . . recovery" where "the gravamen of plaintiffs' complaint is that the

sums paid were not equal to what plaintiffs claim they were entitled to receive")); see also

Sampson v. MediSys Health Network, Inc., No. 10-CV-1342 (SJF) (ARL), 2012 WL 3027838,

at *8 (E.D.N.Y. July 24, 2012) ("Section 191 does not appear to be the correct vehicle for

collecting allegedly unpaid overtime wages."); Gurung v. Malhotra, 851 F. Supp. 2d 583, 590

(S.D.N.Y. 2012) ("The Second Circuit has expressed doubt . . . as to whether NYLL § 191

provides a remedy for unpaid wages, as opposed to wages not timely paid." (emphases in

original)).

Given this authority, the Seventh Claim for Relief will be dismissed.[9]

---

[9] Defendants have also moved, in the alternative, for the Court to refuse to exercise
supplemental jurisdiction over any remaining state law claims. Given that the Amended
Complaint's FLSA claims will proceed, the Court's continued exercise of supplemental
jurisdiction is appropriate. "Here, the NYLL and FLSA actions clearly derive from . . . a
common nucleus of operative facts since they arise out of the same compensation policies and
practices of [Defendants]." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245
(2d Cir. 2011).

## CONCLUSION

Defendants' motion for entry of a Rule 68 judgment is denied. Defendants'

motion to dismiss is granted in part and denied in part as set forth above. Plaintiffs' request for

oral argument concerning Defendants' motions is denied as moot. The Clerk of the Court is

directed to terminate the motions (Dkt. Nos. 21, 48).

Dated: New York, New York
       September 6, 2016

SO ORDERED.

Paul G. Gardephe
United States District Judge

21